FILED

2014 Oct-02  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ANDREWS SPORTS MEDICINE &ORTHOPAEDIC CENTER, LLC,** | ) ) ) |
| **Plaintiff/Counterclaim Defendant,** | ) ) ) |
| **v.** | ) ) |
| **JOHN WARD CORY, M.D.,** | ) ) |
| **Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,** | ) **Case No.: 2:11-CV-4088-JHE** ) ) |
| **v.** | ) ) |
| **JAMES ANDREWS, M.D., E. LYLE CAIN, M.D., JEFFREY R. DUGAS, M.D., STEVEN R. NICHOLS, M.D.,** | ) ) ) ) |
| **Third-Party Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION[1]

Plaintiff Andrews Sports Medicine & Orthopaedic Center, LLC ("ASMOC")

initiated this action against Defendant John Ward Cory, M.D. ("Dr. Cory") alleging

---

[1] This section of the court's opinion is copied verbatim from the magistrate judge's Report and Recommendation, doc. 25.

state law claims for breach of an employment agreement, breach of a credit agreement, and unjust enrichment. (Doc. 1). Dr. Cory asserts counterclaims against ASMOC and third-party claims against James R. Andrews, M.D. ("Dr. Andrews"), E. Lyle Cain, M.D. ("Dr. Cain"), Jeffry R. Dugas, M.D. ("Dr. Dugas"), and Steven R. Nichols, M.D. ("Dr. Nichols") (collectively referred to as the "ASMOC Doctors") seeking a declaratory judgment and alleging state law claims for fraudulent inducement, promissory fraud, breach of contract, breach of implied contract, intentional interference with contractual and/or business relationships, promissory estoppel, equitable estoppel, and conspiracy. (Doc. 17). ASMOC and the ASMOC Doctors (collectively,"Movants") move to dismiss the counterclaims and third-party claims asserted against them. (Doc. 18). Dr. Cory has submitted a response in opposition to the motion. (Doc. 19).

## II.    PROCEDURAL POSTURE

On September 16, 2014, the magistrate judge entered a Report and Recommendation ("R&R") recommending that the motion to dismiss be **DENIED** as to Counts I-V and VII-IX and **GRANTED** as to Count VI. (Doc. 25). In that document, the parties were specifically of their right to object within fourteen days from the date of the R&R. (*Id*. at 22.)d No objections were filed and the time to do so has passed. Therefore, the R&R (doc. 25) and motion to dismiss (doc. 18) are before

the undersigned.[2]

## III.   APPLICABLE STANDARDS

### A.   <u>District Court Review of Report and Recommendation</u>

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).[3] The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

_____

[2] The motion was randomly assigned to the undersigned on October 1, 2014.

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).[4]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation,

---

[4] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court.").

### B.   Sufficiency of the Pleadings[5]

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

---

[5] This section of this opinion was copied verbatim from the magistrate judge's R&R.

Fraud claims must be pled more specifically pursuant to Federal Rule of Civil Procedure 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). As the Eleventh Circuit has explained,

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). "[I]t is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when

6

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.   ANALYSIS

The undersigned assumes the reader's familiarity with the R&R. The court finds that none of the magistrate judge's recommendations are clearly erroneous.

For the reasons set out in the R&R, Dr. Cory's Amended Counterclaim and Third-Party Complaint sufficiently alleged fraud and reasonable reliance, such that Dr. Cory's fraud-based claims (those for declaratory judgment, fraudulent inducement, promissory fraud, promissory estoppel, and equitable estoppel) are not due to be dismissed at this stage of the proceedings. Furthermore, the merger clause in the Employment Agreement does not bar such claims.

Also for the reasons set out in the R&R, the undersigned agrees that Dr. Cory has adequately pled a facially plausible breach of contract claim allowing the court to draw the reasonable inference that ASMOC is liable for the breach. The motion to

7

dismiss is therefore due to be denied with respect to the breach of contract claim against ASMOC.

Again for the reasons set out in the R&R, the undersigned agrees that Dr. Cory has plausibly alleged breach by the ASMOC Doctors of an implied contract, and the motion to dismiss that claim is therefore due to be denied.

The undersigned also agrees, for the reasons set out in the R&R, that Dr. Cory's claim against the ASMOC Doctors for intentional interference with existing and potential business and contractual relationships is due to be granted as a matter of law because the allegations fail to show that the ASMOC Doctors are strangers to the contractual and/or business relationships between Dr. Cory and his existing or potential ASMOC patients, which is an essential element of this claim. Accordingly, the motion to dismiss is due to be granted with respect to this claim.

Finally, based on the Movants' arguments before the magistrate judge and his recommendations, with which the undersigned agrees, as to Dr. Cory's claims other than his conspiracy claim, the magistrate judge did not clearly err in recommending that the motion to dismiss be denied as to Dr. Cory's conspiracy claim.

## V.    CONCLUSIONS AND ORDERS

For the reasons stated above, the court **ADOPTS** the recommendations of the magistrate judge and **ORDERS** as follows:

1.    The Motion To Dismiss (doc. 18) is **GRANTED** as to Count VI of the Amended Counterclaims and Third-Party Claims and otherwise is **DENIED**.

2.    Count VI of the Amended Counterclaims and Third-Party Claims is hereby **DISMISSED WITH PREJUDICE**.

3.    This case is **REFERRED BACK** to the magistrate judge for further proceedings in accordance with this court's General Order of Reference.

**DONE** and **ORDERED** this the 2nd day of October, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

9